IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL A. NEFF,

      Plaintiff,

      v.                            CASE NO.  24-3028-JWL

ANDRE PHILLIPS, et al.,

      Defendants.

## MEMORANDUM AND ORDER

An initial review of the complaint filed in this matter reveals multiple deficiencies that leave this case subject to dismissal in its entirety. Plaintiff and state prisoner Michael A. Neff is therefore required to file an amended complaint to cure the deficiencies identified in this memorandum and order.

## I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. He is in custody at the Hutchinson Correctional Facility in Hutchinson, Kansas and he has been granted leave to proceed in forma pauperis in this matter. (*See* Doc. 4.) In his complaint, Plaintiff names as Defendants Officers Andre Phillips, Charles Kemple, and Benjamin Schaefer of the Wichita Police Department (WPD); Sedgwick County Sheriff Jeff Easter; and attorney Sharon Barnett, who was Plaintiff's court-appointed defense counsel in a state criminal proceeding. (Doc. 1, p. 1-3.)

As the factual background for the complaint, Plaintiff alleges that on the morning of April 25, 2023, he encountered multiple WPD officers, who ordered him to stop for questioning. *Id.* at 5. After initially refusing to comply, Plaintiff stopped when officers drew their service weapons and threatened to shoot him. *Id.* He was placed in handcuffs with his hands behind his back and,

in response to questioning, informed officers that he did not possess drugs, weapons, or anything sharp. *Id.* Instead of a standard pat-down search, one of the officers removed Plaintiff's belt and unbuttoned and unzipped Plaintiff's jeans. *Id.* The officer then put his arm down Plaintiff's pants and touched and grabbed Plaintiff's genitals and between his buttocks. *Id.* at 6. Plaintiff protested and asked other officers present for help, but they only laughed. *Id.*

When it was time to transport Plaintiff, Plaintiff informed officers that due to a previous auto accident, he is physically incapable of sitting in a car seat and facing forward. *Id.* An officer called Plaintiff a liar, shoved Plaintiff into the backseat of a patrol car, pulled a strap across Plaintiff's shoulders, and told Plaintiff to "sit right if [he] wanted relief." *Id.* Plaintiff's jeans remained unbuttoned and unzipped until he arrived at and was booked into the Sedgwick County Adult Detention Facility (SCADF). *Id.* Subsequent x-rays of Plaintiff's shoulder showed "'slight superior displacement of the distal clavic[le] in relation to acromion.'" *Id.* The SCADF provided Plaintiff with ibuprofen for the injury. *Id.*

After being booked into the SCADF, Plaintiff attempted to resolve his complaints about the search and transport detailed above and he attempted to receive "clinical help," but he has yet to receive any acknowledgment or remedy. *Id.* at 8. He explained the issue, verbally and in writing, to his court-appointed defense counsel, Defendant Barnett, but she either brushed off his complaints or ignored them. *Id.* at 8-9. At one point, when Plaintiff brought up the WPD's Professional Standards Unit, Defendant Barnett told Plaintiff she had no idea what that was, how to contact the Professional Standards Unit, or how Plaintiff could file a complaint. *Id.*

As Count I of the complaint, Plaintiff asserts a violation of the Fourth Amendment's prohibition of unreasonable searches and seizures, based upon the invasiveness of the search of

his person described above and perhaps the injury he sustained during transport.[1] *Id.* at 4-6. As Count II, Plaintiff asserts a violation of the Eighth Amendment's prohibition of excessive bail, excessive fines, and cruel and unusual punishment, based upon the same facts. *Id.* As Count III, Plaintiff asserts the violation of the Fifth Amendment's Due Process Clause, based upon the lack of response to his attempts to seek redress for his complaints and upon Defendant Barnett's failure to assist him in those attempts. *Id.* at 7-9. As relief, Plaintiff seeks $75,000.00 in compensatory damages and $100,000.00 in punitive damages. *Id.* at 10.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are frivolous, fail to state a claim on which relief may be granted, or seek relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). But "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

---

[1] If Plaintiff chooses to file an amended complaint, he should ensure that the factual basis for each Count is clearly identified.

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

As the Tenth Circuit Court of Appeals has explained, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the

plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

## III.  DISCUSSION

### A.  Defendant Barnett

This action is subject to dismissal as against Defendant Barnett because the complaint does not sufficiently allege that she was acting under color of state law when she allegedly violated Plaintiff's constitutional rights. As noted above, a plausible claim for relief under § 1983 must, in part, "show that the alleged deprivation was committed by a person acting under color of state law." *See West,* 487 U.S. at 48. The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 324 (1981). Because Plaintiff has not alleged facts that show Defendant Barnett was doing anything other than performing her traditional functions as Plaintiff's appointed counsel in a criminal proceeding, the complaint does not reflect that Defendant Barnett was acting under color of state law. Thus, the complaint fails to state a plausible claim for relief against Defendant Barnett.

### B.  Defendant Easter

This action is subject to dismissal as against Defendant Easter because the complaint does not sufficiently allege his personal participation. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

"[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

The factual allegations in the complaint involving Defendant Easter are that "[h]e oversees the operations and contract employees of [SCADF]" and that Plaintiff attempted to address his complaints through SCADF systems "provided by Jeff Easter" and by speaking with "clinical staff and booking staff in the employ of Jeff Easter." (Doc. 1, p. 3, 8.) Liberally construing these allegations, Plaintiff appears to argue that Defendant Easter is liable under § 1983 because he oversees or supervises the individuals who allegedly violated Plaintiff's constitutional rights. This argument for liability fails, however, because the Tenth Circuit has made clear that in § 1983 actions "the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *See Fogarty*, 523 F.3d at 1162.

Plaintiff also may intend to bring a claim against Defendant Easter based on the lack of response to his official complaints. But an allegation that an official denied or failed to respond to a grievance is not enough to show personal participation as required for a plausible claim under § 1983. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Thus, even liberally construing the complaint and taking all the facts alleged therein as true, the complaint fails to state a plausible claim for relief against Defendant Easter.

**C.  Defendants Phillips, Kemple, and Schaefer**

Similarly, this action is subject to dismissal as against Defendants Phillips, Kemple, and Schaefer because the complaint does not sufficiently allege each Defendant's personal participation. *See Graham*, 473 U.S. at 166 (noting direct personal participation in the acts upon which the complaint is based is an essential element of a claim under § 1983). A viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See*

Plaintiff in the patrol vehicle. It is also unclear whether the same individual conducted the search and put Plaintiff in the patrol vehicle. If Defendant Phillips, Kemple, or Schaefer was the person who did either or both of these acts, Plaintiff must make that clear. If Plaintiff is unaware of the identity of the specific officer who conducted the search or placed Plaintiff in the patrol car, he may choose to identify the unknown officer or officers he wishes to name a defendant in this matter as "John Doe" or, in the case of multiple unknown officers, as "John Doe 1," "John Doe 2," etc. The Tenth Circuit has "generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *See Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).[2] As it stands now, however, the complaint currently before the Court does not sufficiently allege the personal participation of Defendant Phillips, Kemple, or Schaefer in the acts that allegedly violated Plaintiff's constitutional rights. Accordingly, this action fails to state a plausible claim for relief against any of them.

### D.  Failure to State a Claim

Although the deficiencies identified above leave the complaint subject to dismissal in its entirety, the Court will address some additional deficiencies that must be cured in the amended complaint if Plaintiff wishes to proceed in this matter.

#### i. Count II

In Count II, Plaintiff asserts the violation of the Eighth Amendment's prohibition of excessive bail, excessive fines, and cruel and unusual punishment. (Doc. 1, p. 4.) In the space

---

[2] If Plaintiff chooses to file an amended complaint naming John Doe defendant(s), he is advised that he will be expected to identify each John Doe defendant within a suitable length of time. *See Lamb v. Kelly*, 2023 WL 8599374, *4 (D. Kan. Dec. 12, 2023) (unpublished) (citing *Culp v. Williams*, 456 Fed. Appx. 718, 720 (10th Cir. 2012) (unpublished)); *Horton v. Corizon*, 2021 WL 2550175, *2-3 (D. Kan. June 22, 2021) (unpublished) (discussing § 1983 claims against unnamed defendants).

provided for stating the supporting facts, Plaintiff has written "see attached," thereby referring the Court to the alleged facts involving the search and transport. *Id.* at 4-6. The complaint includes no alleged facts related to bail or fines, so the Court liberally construes Count II as bringing a claim of cruel and unusual punishment. But the Eighth Amendment, generally speaking, does not apply to claims of the cruel and unusual punishment of an arrestee.

As the United States Supreme Court has explained, the Eighth Amendment's "Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes,' and consequently the Clause applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" *See Whitley v. Albers*, 475 U.S. 312, 318 (1986) (citations omitted). All of the conduct alleged as the support for Count II occurred during and immediately after Plaintiff's arrest.[3] Thus, the Eighth Amendment's Cruel and Unusual Punishments Clause does not apply to the officers' actions and Count II is subject to dismissal for failure to state a plausible claim on which relief can be granted. If Plaintiff wishes to pursue this claim in an amended complaint, he must clarify the constitutional provision at issue and the acts which he believe demonstrate the violation.

### ii. Count III

In Count III, Plaintiff asserts the violation of his Fifth Amendment right to Due Process. (Doc. 1, p. 7.) The Due Process Clause of the Fifth Amendment prohibits the federal government "from depriving any person of property without 'due process of law.'" *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002). The Due Process Clause of the Fourteenth Amendment prohibits the same behavior by the States. *Id.* Because none of the Defendants in this matter are federal

---

[3] Because Plaintiff proceeds pro se, if it were possible to liberally construe the complaint to raise a claim under another constitutional provision, the Court would do so. In the current complaint, however, Plaintiff does not specify whether Count II is based upon the search, the transport, or some other set of circumstances. Thus, the Court cannot determine which act Plaintiff asserts was unconstitutional punishment.

actors—nor should they be, as § 1983 is limited to defendants acting under color of *state* law—Plaintiff cannot sustain a plausible claim for relief in this matter based on the allegation that any Defendant violated his Fifth Amendment Due Process Clause. Liberally construing the complaint to allege a violation of the Fourteenth Amendment's Due Process Clause, which requires state actors to provide due process, however, does not cure the insufficiency and lack of clarity in the facts alleged in support of Count III.

As with Count II, the portion of the complaint provided for stating the supporting facts for Count III simply refers the Court to attached pages. *Id.* Those pages, highly summarized, assert that Plaintiff made several unsuccessful attempts between April and December 2023 to "address this issue," to "receive clinical help," and to gain assistance from his state-court-appointed defense counsel. *Id.* at 8-9. These facts are not sufficiently specific for the Court to determine what actions or inaction by which Defendant is the basis for Plaintiff's claim.

Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976). "To assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." *Merrifield v. Bd. of Cty. Comm'rs*, 654 F.3d 1073, 1078 (10th Cir. 2011) (citation omitted). As the United States Supreme Court has explained, "[t]he types of interests that constitute 'liberty' and 'property' for Fourteenth Amendment purposes are not unlimited; the interest must rise to more than 'an abstract need or desire,' and must be based on more than 'a unilateral hope.'" *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Even liberally construing the complaint and

taking all facts alleged within as true, Plaintiff does not identify the protected interest of which he was deprived without adequate procedural due process. Thus, he has failed to plead a plausible claim that his procedural due process rights were violated.

Misconduct by government officials may constitute a substantive due process violation if it is outrageous enough to shock the conscience. *United States v. Kennedy*, 225 F.3d 1187, 1194 (10th Cir. 2000). A plaintiff "must do more than show that [Defendant] intentionally or recklessly caused injury to [him] by abusing or misusing government power." *See Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995). "[P]laintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Id.* "[O]nly the most egregious official conduct" meets this standard. *See County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). If Plaintiff wishes to pursue a substantive due process claim, he must specify in his amended complaint which Defendant committed which official actions that are sufficiently egregious to state a plausible claim for relief.

## IV.  Amended Complaint Required

To avoid dismissal of this action, Plaintiff is required to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply a supplement to the original complaint; instead the amended complaint completely replaces the original complaint. Therefore, any claims or factual allegations not included in the amended complaint are no longer before the Court. In other words, Plaintiff may not simply refer in the amended complaint to the original complaint. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3028-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. He must allege sufficient specific facts to show a plausible claim that each defendant personally participated in a constitutional violation. If Plaintiff does not file an amended complaint on or before March 25, 2024 that cures the deficiencies discussed herein, this action will be dismissed without prejudice for failure to state a plausible claim for relief.

**V. Motion to Appoint Counsel**

Plaintiff also has filed a motion to appoint counsel. (Doc. 3.) As he acknowledges in the motion, there is no constitutional right to appointment of counsel in a civil case. *Id.* at 1; *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *See Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at

1115. This case is in the screening phase of the proceedings, in which the Court determines whether Plaintiff has asserted a plausible claim against a named Defendant. As explained above, the complaint in this matter fails to do so, so it is not yet clear whether this matter will proceed, much less whether Plaintiff will assert meritorious claims, whether those claims will be complex, and whether Plaintiff will need assistance in investigating the facts and presenting his claims. Thus, the Court is not convinced that appointment of counsel is warranted at this time. It will deny the motion without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to appoint counsel (Doc. 3) is **denied without prejudice** to refiling if the material circumstances change.

**IT IS FURTHER ORDERED** that Plaintiff is granted until and including **March 25, 2024,** in which to file a complete and proper amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff. The failure to timely file an amended complaint that cures the deficiencies may result in this matter being dismissed without further prior notice to Plaintiff.

**IT IS SO ORDERED**.

**Dated February 21, 2024, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**