IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL A. NEFF,

        Plaintiff,

v.                                          Case No.  24-cv-3028-JWB

ANDRE PHILLIPS, CHARLES KIMPLE,
and BENJAMIN SCHAEFER,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion for summary judgment. (Doc. 26.) The motion is fully briefed and ripe for decision. (Doc. 27, 33.)[1] The motion is granted for the reasons stated herein.

**I.    Facts**

The following facts are taken as uncontroverted from Defendants' motion for summary judgment or viewed in a light most favorable to Plaintiff.  Under this court's local rules, facts set forth in a motion for summary judgment are deemed uncontroverted if they are supported by evidence and the opposing party fails to controvert the facts.  D. Kan. R. 56.1.  Here, Plaintiff was provided notice of Defendants' motion for summary judgment along with instructions on how to properly respond to a motion for summary judgment, as is required by District of Kansas Local Rule 56.1(d).  (Doc. 29.)  In Plaintiff's response to the motion for summary judgment, he admits that he "confused the chain of events and specific acts by specific officers," (Doc. 33 at 1) and asserts new allegations regarding the officers.  Plaintiff, however, has not complied with this

---

[1] Defendants did not file a reply brief and the time for doing so has now passed.

1

court's rule nor with Fed. R. Civ. P. 56(d). He does not set forth these additional facts in numbered paragraphs with citation to the record. Rather, he has merely set forth assertions in his response brief without providing any evidentiary basis for these new allegations and without otherwise seeking leave to amend his complaint. Moreover, Plaintiff provided no affidavit to support the new facts he asserts in his response, nor are the statements in his response verified or otherwise sworn to under penalty of perjury. Accordingly, the court cannot consider these new facts as alleged by Plaintiff, and the supported facts set forth in Defendants' motion are uncontroverted. Fed. R. Civ. P. 56(e); *Coleman v. Blue Cross Blue Shield of Kansas, Inc.*, 287 F. App'x 631, 635 (10th Cir. 2008).

On April 25, 2023, Plaintiff was arrested by Wichita Police Department officers after allegedly fleeing the scene of a crime. As Plaintiff was detained, Defendant Kimple conducted a search incident to arrest, including a pat down search of Plaintiff's clothing and pockets. Throughout this interaction, both Defendant Kimple and Defendant Phillips wore AXON body cameras which recorded all these events. After being arrested and searched by Officer Kimple, Plaintiff was transported to a second location by Defendant Phillips for identification by Defendant Schaefer. During this time, Plaintiff was in the back of a squad car in a forward-facing position, with his knees slightly to the side. On September 26, 2023, Plaintiff pled guilty to four criminal offenses: two counts of attempted burglary, one count of theft of property or services (valued less than $1,500), and one count of criminal damage to property (valued less than $1,000).

Plaintiff filed the present case pursuant to 42 U.S.C. § 1983 in February 2024, alleging a violation of his Fourth Amendment rights. (Doc. 6.) Now before the court is Defendants' motion for summary judgment on all claims, in which Defendants argue that Plaintiff has failed to establish

a violation of his Fourth Amendment rights and the Defendants' actions are otherwise covered by qualified immunity. (Doc. 26, 27.)

**II.     Standard**

Pro Se Status.  The court is mindful that Plaintiff appears pro se.  As a pro se litigant, Plaintiff's pleadings are to be construed liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, this does not alleviate Plaintiff's burden of coming forward with evidence to support his claims as required by Federal Rule of Civil Procedure 56 and Local Rule 56.1. *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988).  Even pro se plaintiffs must present some "specific factual support" for their allegations. *Id*.  Further, the court may not assume the role of advocate for the pro se litigant. *See Van Deelen v. City of Eudora, Kan.*, 53 F. Supp. 2d 1223, 1227 (D. Kan. 1999).

Summary Judgment.  Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A fact is "material" when it is essential to the claim, and the issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor. *Haynes v. Level 3 Commc'ns*, 456 F.3d 1215, 1219 (10th Cir. 2006).  The court views all evidence and reasonable inferences in the light most favorable to the nonmoving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

Section 1983 Qualified Immunity.  Defendants move for summary judgment based on the doctrine of qualified immunity.  "Individual defendants named in a § 1983 action may raise a defense of qualified immunity." *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir. 2013). Qualified immunity "shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th

Cir. 2008) (quotations omitted). When the defense of qualified immunity is asserted, a plaintiff must show: "(1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Cillo*, 739 F.3d at 460. On summary judgment, a plaintiff cannot rest on the pleadings and the court is to look to the evidence submitted on summary judgment in deciding the issue of qualified immunity. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

## III.   Analysis

In this matter, Plaintiff alleges a violation of his Fourth Amendment rights by Defendants because they "engaged in the use of excessive force of a sexual nature and willingly observed and regarded those actions which were beyond the necessary confines of a pat search." (Doc 6 at 2.) Based on the uncontroverted facts and a review of the AXON camera footage submitted by the Defendants, Plaintiff cannot meet his burden of showing a violation of his Fourth Amendment rights as pled in his Amended Complaint.[2]

First, Plaintiff contends that his rights were violated because Defendants lacked probable cause to search him since he "show[ed] none of the signs of having been running." (Doc. 33 at 2.) "Under the Fourth Amendment, a warrantless arrest requires probable cause." *Donahue v. Wihongi*, 948 F.3d 1177, 1189 (10th Cir. 2020) (citing *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)). Probable cause exists if "the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a

---

[2] AXON camera footage from Defendant Kimple and Defendant Phillips was submitted to the court and incorporated into the record as Exhibit 3 and Exhibit 4 of Defendants' motion for summary judgment. The court can use this video evidence to rule on the alleged violations of Plaintiff's rights because "[w]e do not have to accept versions of the facts contradicted by objective evidence, such as video surveillance footage." *Cruz v. City of Deming*, No. 24-2091, 2025 WL 1510096, at *3 (10th Cir. May 28, 2025) (citing *Est. of Beauford v. Mesa Cnty., Colo.*, 35 F.4th 1248, 1261 (10th Cir. 2022)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

prudent man in believing that the suspect had committed or was committing an offense." *Adams v. Williams*, 407 U.S. 143, 148 (1972) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). In this case, after confirming Plaintiff's identify, Defendant officers stated that they were arresting Plaintiff because a vehicle registered to him had been involved in a hit-and-run and attempted burglary. This stands in contrast to Plaintiff's account that "[Defendant] Kimple . . . placed [Plaintiff] in cuffs without any explanation." (Doc. 6 at 5.) The fact that Plaintiff's vehicle had been involved in a crime, coupled with Plaintiff's apparent flight by foot, provided police with probable cause for placing Plaintiff under arrest. Once Plaintiff was validly placed under arrest, Defendants could search his person without a warrant. *United States v. Knapp*, 917 F.3d 1161, 1165 (10th Cir. 2019).

Second, the uncontroverted video evidence shows that Defendants did not use excessive force of a sexual nature when they arrested him, as was alleged in the operative complaint.[3] A claim of excessive force brought under the Fourth Amendment is based on the "objective

---

[3] Plaintiff has pled a claim of excessive force under the Fourth Amendment here. "Excessive force claims can be maintained under the Fourth, Fifth, Eighth, or Fourteenth Amendment—all depending on where the defendant finds himself in the criminal justice system—and each carries with it a very different legal test . . . The Fourth Amendment protects against 'unreasonable searches and seizures' and pertains to the events leading up to and including an arrest of a citizen previously at liberty." *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010). Given that the complaint deals with excessive force in his initial arrest, the proper test is the objective reasonableness test under the Fourth Amendment. This is reinforced by the fact that the Fourth Amendment governs excessive force claims arising from "treatment of [an] arrestee detained without a warrant" and "prior to any probable cause hearing." *Austin v. Hamilton*, 945 F.2d 1155, 1160 (10th Cir.1991), *abrogated on other grounds by Johnson v. Jones*, 515 U.S. 304 (1995). Cases where excessive force occurred before a probable cause determination constitute a continuing seizure under the Fourth Amendment. *Est. of Booker v. Gomez*, 745 F.3d 405, 420 (10th Cir. 2014).

Nevertheless, even accepting the premise that Plaintiff plausibly alleges excessive force that occurred past his initial arrest, the Plaintiff still must address whether the force used against him was unreasonable. "[W]hen the plaintiff finds himself in the criminal justice system somewhere between . . . an initial seizure and post-conviction punishment . . . we turn to the due process clauses of the Fifth or Fourteenth Amendment and their protection against arbitrary governmental action by federal or state authorities." *Porro*, 624 F.3d at 1326. In this setting a three part test is used: (1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the state actor. *Roska ex rel. Roska v. Peterson,* 328 F.3d 1230, 1243 (10th Cir.2003). The reasonableness test under the Fourth Amendment is functionally the same as the first prong of the Fourteenth Amendment test, and so failing to allege unreasonable actions under the Fourth Amendment test would also result in a failure to allege unreasonable force in the Fourteenth Amendment test. *Est. of Booker*, 745 at 427–28 (arguing that evidence of proportional force or de minimis physical injury forecloses plaintiffs' excessive force claims since Fourth Amendment case law on reasonableness is relevant to the first due process excessive force factor).

reasonableness of the defendants' actions." *Est. of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014). "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). However, "[t]he degree of physical coercion that law enforcement officers may use is not unlimited." *Cortez v. McCauley*, 478 F.3d 1108, 1125 (10th Cir. 2007).

Here, the uncontroverted AXON camera footage shows that Defendant Kimple neither undid Plaintiff's pants nor did he stick his arm down the inside of Plaintiff's pants when conducting a pat down search of Plaintiff after arrest. At most, Defendant Kimple reached inside of Plaintiff's pockets to turn them inside out. Moreover, the AXON video shows that Plaintiff was moved to the police squad car after the pat down, and he sat down in the backseat under his own power. He did not inform the police of a shoulder injury, nor did any Defendant call him a liar. *Cf.* Doc. 6 at 6 (alleging Defendant Kimple ignored Plaintiff's explanation of a preexisting injury and calling him a liar when placing Plaintiff in squad car). When Plaintiff was transported to the crime scene for identification, Defendant Kimple directed Plaintiff to put his legs into the squad car, and he eventually complied under his own power. After this, Defendant Kimple closed the door and both he and Defendant Phillips drove Plaintiff to another location. Under the *Graham* reasonableness balancing test, Plaintiff has failed to meet his burden of alleging that Defendant Kimple used excessive force in arresting, patting down, or transporting Plaintiff in a police vehicle.

Construing the Amended Complaint liberally, Plaintiff further alleges that Defendant Phillips and Defendant Schaefer failed to intervene to prevent a violation of his Fourth Amendment rights. (Doc. 6 at 6–7, 10 (alleging that these two defendants were indifferent to Plaintiff's plight and failed to intervene).) "[A] plaintiff can maintain a claim for failure to intervene only when some other officer used excessive force." *Rowell v. Bd. of Cty. Comm'rs*, 978 F.3d 1165, 1175

(10th Cir. 2020). Given that Defendant Kimple did not use excessive force in his treatment of Plaintiff, Plaintiff similarly failed to establish adequate claims against Defendant Phillips and Defendant Schaefer in their failure to intervene.

Given that Defendants in this case did not violate Plaintiff's constitutional rights, they are entitled to qualified immunity for their actions at issue in the complaint. *Cillo*, 739 F.3d at 460. Therefore, Defendants' motion for summary judgment is granted.

## IV.  Conclusion

Defendants' motion for summary judgment is GRANTED. IT IS SO ORDERED. Dated this 6th day of June, 2025.

      __s/ John W. Broomes_____
      JOHN W. BROOMES
      UNITED STATES DISTRICT JUDGE